IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAVID A. BLOOM,

    Plaintiff,

  v.

J.P. MORGAN CHASE & CO., and
J.P. MORGAN SECURITIES, INC.,

    Defendants.
                                /

No. C 09-03418 WHA

**ORDER AMENDING
SCHEDULE FOLLOWING
DISCOVERY DISPUTE**

On June 25, 2010, a hearing was held in this matter regarding a discovery dispute outlined in plaintiff David Bloom's June 16 letter to the court (Dkt. No. 30) regarding the requisite scope of defendants' production of emails. At the hearing, defendants were ordered to search for and produce the following:

    1.    All non-privileged emails sent or received by Carlos Hernandez, Chris Harvey and Mark Melio that reference plaintiff David Bloom from August 1, 2005, through December 31, 2008. In conducting this search, defendants must use the terms, "David Bloom," "Dave Bloom," and any other terms reasonably calculated to capture references to plaintiff such as "Dave" and "San Francisco," or "Dave" and "TECM").

    2.    Relevant non-privileged emails sent or received by Mark Melio, Erica Ellenbogen, Erica Denmark, Matthew Zames, Jeffrey Bosland, Michael Maloney and David Bloom, which contain the words "age," "old," "young," and/or "discriminate" (with all root expanders). In conducting this search, defendants should combine the terms "age," "old," "young," and/or "discriminate" (with all root expanders) with terms reasonably calculated to narrow the search to

capture only those emails which refer to the Tax Exempt Capital Markets Group ("TECM") and/or San Francisco.

Defendants were also ordered to respond to plaintiff's Special Interrogatory No. 18 by identifying any civil action in which a plaintiff alleged a claim of age discrimination against defendants since January 1, 2004, limited to plaintiffs who filed state actions and who are or were members of the Investment Banking Group in San Francisco, California and/or who were members of TECM anywhere in the United States.

Defendants were ordered to produce all the foregoing discovery no later than July 16, 2010. At the June 25 hearing, the Court stated that if defendants failed to meet this deadline, "I'll consider giving an extension of the discovery cutoff" (June 25 Tr. at 26).

The parties now have submitted a notice stating that defendants in fact did fail to meet the July 16 deadline and stipulating to extend certain deadlines in the case management order (Dkt. No. 22). This stipulation is **GRANTED IN PART** as follows:

1. Defendants shall complete their production of emails by **AUGUST 6, 2010.**

2. The non-expert discovery cut-off date shall be completed by **SEPTEMBER 9, 2010.**

3. The last date for designation of expert testimony and disclosure of full expert reports under Rule 26(a)(2) as to any issue on which a party has the burden of proof ("opening reports") shall be **SEPTEMBER 9, 2010.**

All other deadlines in the case management order (Dkt. No. 22) shall be unchanged. Good cause has not been shown to move the deadline to file dispositive motions of September 30, 2010, or the trial date of December 6, 2010.

**IT IS SO ORDERED.**

Dated: August 3, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE