United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAVID A. BLOOM,

    Plaintiff,

  v.

J.P. MORGAN CHASE & CO., and
J.P. MORGAN SECURITIES, INC.,

    Defendants.
                               /

No. C 09-03418 WHA

**ORDER GRANTING DEFENDANTS'
MOTION IN LIMINE NO. 3 TO
EXCLUDE THE TESTIMONY OF
DR. MARGO OGUS REGARDING
FUTURE EARNINGS LOSS**

       In accordance with the standing orders of the undersigned regarding the service and filing of pretrial motions *in limine* prior to a pretrial conference, the parties in this matter submitted six motions *in limine* in the normal course, which were heard and decided at the pretrial conference. A separate written order will memorialize those rulings. But there was a seventh motion *in limine*, submitted as defendants' motion *in limine* No. 3 (Dkt. No. 82), which was served late. Nevertheless, prior to the pretrial conference plaintiff submitted an opposition to the motion, and argument was heard at the conference (*see* Dkt. Nos. 91–92, 95). Although plaintiff argued that the motion should be denied as untimely, the undersigned allowed the motion, and defendants' No. 3 was taken under submission on the merits. Defendants move to exclude the testimony of plaintiff's damages expert, Dr. Margo Ogus, regarding plaintiff's future earnings loss, on the ground that she does not base her estimate of future earnings on any facts or reliable methods. This order **GRANTS** the motion.

It is the trial court's responsibility to ensure "that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993). In making this determination, the judge must make "a preliminary assessment of whether the reasoning or methodology underlying the testimony is . . . valid" and "whether that reasoning or methodology properly can be applied to the facts in issue." *Id.* at 592–93. It must emphasized, however, that "[t]he test under *Daubert* is not the correctness of the expert's conclusions but the soundness of his methodology." *Primiano v. Cook*, — F.3d —, 2010 WL 1660303, at *4 (9th Cir. Apr. 27, 2010) (citation omitted). Thus, a court should focus on whether "(1) the [expert] testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." FRE 702. When an expert meets this threshold, "the expert may testify and the jury decides how much weight to give that testimony." *Primiano*, 2010 WL 1660303, at *4 . Where experts reasonably differ as to the proper calculation of damages, "[v]igorous cross-examination" and "presentation of contrary evidence" are the "traditional and appropriate means" of attacking their opinions. *Daubert*, 509 U.S. at 596.

Although neither party appended Dr. Ogus's report to its brief, plaintiff's counsel supplied a copy of the report to the Court at the hearing. Based upon a review of the report, the crux of Dr. Ogus's testimony would be that in addition to a past loss of earnings and vested securities, due to his termination from J.P. Morgan, plaintiff will incur a *future* earnings loss of $5,475,161 (which has been reduced to present value).

Plaintiff has only been paid for one year of work at his new job at Wells Fargo, that being 2009. There is no second year of compensation based upon which Dr. Ogus could project the growth of future earnings at Wells Fargo. Instead, Dr. Ogus predicts that plaintiff "will have the opportunity to increase his bonuses over the next three to five years to $1,200,000 per year." The only underlying fact that the report states as the basis for this projection is that plaintiff's earning will increase "as Wells Fargo grows this new business."

The problem is the lack of facts on which Dr. Ogus based her conclusions about plaintiff's future earnings. Dr. Ogus did not base her opinion on projected future earnings on any facts other than Mr. Bloom's description that Wells Fargo is growing its business in the area of investment banking in which he works, which is the same area of business in which he worked at J.P. Morgan. She did not base her opinion on any independent assessment of the state of or projected growth of Wells Fargo's business, its business relative to J.P. Morgan's business, or the trajectory of other employees' compensation in this business at Wells Fargo over time. Although she reviewed documents, as listed in her report, these pertained solely to past compensation.

Plaintiff's counsel argues that "Dr. Ogus [only] bases her assumptions of Mr. Bloom's future earnings *in part* on his own experience and knowledge about his current and former positions, as well as the industry he has been a part of for 30 years" (emphasis in original). The other bases for her opinion are not intimated by plaintiff or Dr. Ogus or her report. Plaintiff's counsel points to the following from Dr. Ogus's report, quoted in part above, to support the notion that she considered other information:

> Following the termination of Mr. Bloom's employment, he found new employment at Wells Fargo Bank in July 2009. His current salary is $200,000 and he is eligible for annual bonuses. In 2009 he earned a bonus of $400,000, which was paid, in cash, in 2010. I have assumed that he will earn a similar bonus, annualized for a full year of employment, in 2010, and that he will have the opportunity to increase his bonuses over the next three to five years to $1,200,000 per year, as Wells Fargo grows this new business.

Plaintiff's counsel similarly represented at oral argument that this passage would make clear that other facts underlie Dr. Ogus's opinion. But this passage does not indicate that Dr. Ogus reviewed other facts to come to her conclusion about future earnings, as counsel claims, nor does anything else in her report.

In support of their motion, defendants submitted transcript excerpts of the deposition of Dr. Ogus. These excerpts support the proposition that the only facts reviewed by Dr. Ogus in coming to the conclusion that plaintiff "will have the opportunity to increase his bonuses over the next three to five years to $1,200,000 per year," were those relayed by plaintiff himself.

3

Plaintiff told Dr. Ogus that he expected to make $800,000 as a bonus for 2010, and that he expected "growth at Wells Fargo in the next three to five years, which would give him more compensation opportunity" (Ogus Dep. 25–26). Dr. Ogus "picked" the figure of $1.2 million as the bonus that would be paid in 2015, and equally increased the projected bonuses for the years in between to reach $1.2 million (*id.* at 27). It is clear from this testimony that the dearth of facts underlying Dr. Ogus's projections in her report was not an omission, but that there are no such facts. If plaintiff's counsel felt that the excerpts submitted by defendants mischaracterized Dr. Ogus's deposition testimony (*see* Opp. 4), they could have appended clarifying portions of the transcript, but they did not do so.

Even assuming that plaintiff would testify to the assumptions underlying Dr. Ogus's projections in the same manner as he described them before, they do not include facts that would support a finding that in 2015 plaintiff will be paid a bonus of $1.2 million. Dr. Ogus's deposition testimony also leaves the impression that she employed no method whatsoever in coming to the figure of $1.2 million, but instead simply "picked" it based on her impression from talking to plaintiff. It accordingly cannot be said that Dr. Ogus based her opinion of future earnings on sufficient facts or data, or that it is the product of reliable principles and methods, as required by Rule 702. Defendants' motion is therefore **GRANTED**, and Dr. Ogus is precluded from testifying about plaintiff's future earnings loss.

**IT IS SO ORDERED.**

Dated: November 30, 2010.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE

4