UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID A. BLOOM, an individual, | No. 09-CV-03418 WHA |
| Plaintiff, | Action Filed: July 24, 2009 |
| v. | JOINT [PROPOSED] ORDER RE MOTIONS *IN LIMINE*_____ |
| J.P. MORGAN CHASE & CO., a Delaware Corporation, J.P. MORGAN SECURITIES, INC., a Delaware Corporation, and DOES 1-20, | |
| Defendants. | |

The Motions in Limine of Plaintiff David A. Bloom ("Bloom") and Defendants J.P. Morgan Chase & Co. and J.P. Morgan Securities, Inc. (collectively, "JPMC") came before the Court for hearing on November 23, 2010.  The parties appeared by and through their respective counsel of record.  After consideration of the papers and argument of counsel, the Court rules as follows.

1. <u>Plaintiff's Motion in Limine Number One and Defendant's Motion in Limine Number Two:</u> The motions are granted in part and denied in part and the Court orders as follows: JPMC shall not introduce evidence regarding any recommendations or advice by internal or external counsel regarding David Bloom.  All parties, counsel and witnesses shall not offer or seek to offer into evidence any testimony or ask questions reasonably calculated to elicit objections or instructions to witnesses concerning the substance of legal advice received by JMPC from outside or inside counsel.  This order does not prohibit JPMC or Bloom from introducing evidence that (1) JPMC hired Wilmer Cutler Pickering Hale and Dorr LLP ("Wilmer Hale") to conduct a company-wide investigation concerning potential collusion, bid rigging and price fixing in the municipal derivatives business; (2) in the course of that investigation Wilmer Hale discovered tapes of conversations involving Bloom that it brought to the attention of business persons at JPMC; (3) Wilmer Hale interviewed Bloom regarding those tapes; and (4) JPMC conducted a meeting at which ten executives were present to discuss Bloom's conduct on the tapes, but no implication of reliance on advice of counsel at that meeting is to be made and none of the persons present shall be identified as lawyers.  Moreover, other than points (1)-(3) above, the parties shall not offer any evidence or otherwise mention counsel (whether external or internal) having any role whatsoever in the decision-making process to terminate David Bloom.

2. <u>Plaintiff's Motion in Limine Number Two:</u> This motion is denied, except that JPMC shall not assert that Bloom engaged in criminal behavior.

3. <u>Plaintiff's Motion in Limine Number Three:</u> The Court grants the motion in part and denies the motion in part and orders as follows: All parties, counsel and witnesses are hereby prohibited from offering into evidence, mentioning or discussing in front of the jury

1

1  that Bloom was arrested or detained as a result of a prior incident at a Hartford airport or that
2  Bloom was involved in an incident at JPMC's loading dock in San Francisco.  However, if
3  Bloom or his counsel suggests in evidence or argument that the provision of security at his
4  termination was overbearing, humiliating, or otherwise a source of emotional distress, then
5  JPMC may introduce evidence of the loading dock incident as a reason JPMC provided for
6  security at the time of the termination.

7      4. <u>Plaintiff's Motion in Limine Number Four</u>: The motion is granted in part and denied
8  in part and the Court orders as follows: Nancy Schwarzkopf shall not be permitted to testify
9  at trial; David Gillis shall be permitted to testify in-person at trial, but solely as to those
10 topics to which he testified in his deposition noticed by Plaintiff pursuant to Fed. R. Civ. P.
11 30(b)(6).

12     5. <u>Defendants' Motion in Limine Number One:</u> The Court grants the motion and
13 orders as follows: All parties, counsel and witnesses are hereby prohibited from offering into
14 evidence by way of testimony or documents, or mentioning or discussing in front of the jury
15 any of the following: any diagnosis or treatment of Bloom for depression or any other
16 mental illness, his medical expenses, prescriptions, psychiatric appointments, or consultation
17 with any doctor. Bloom shall be limited to presenting evidence of a "garden variety" claim
18 of emotional distress separate from any medical treatment, diagnosis, or condition.

19     6. <u>Defendants' Motion in Limine Number Three</u>:  The Court granted this motion in a
20 separate order dated November 30, 2010.

22     IT IS SO ORDERED.

24 DATED: __December 1_____, 2010.

    HON. WILLIAM H. ALSUP
    UNITED STATES DISTRICT JUDGE

2

[~~PROPOSED~~] ORDER RE MOTIONS *IN LIMINE*       09-CV-03418 WHA